UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|                                      |   |                                    |
|--------------------------------------|---|------------------------------------|
| SACKMAN ENTERPRISES, INC.,           | : | CIVIL ACTION NO. 05-5359 (MLC)     |
|                                      | : |                                    |
| Plaintiff,                           | : | **MEMORANDUM OPINION**             |
|                                      | : |                                    |
| v.                                   | : |                                    |
|                                      | : |                                    |
| MT. HAWLEY INSURANCE COMPANY,        | : |                                    |
|                                      | : |                                    |
| Defendant.                           | : |                                    |
|                                      | : |                                    |

**THE PLAINTIFF**, Sackman Enterprises, Inc. ("SME"), initially bringing this action in state court against its insurer — the defendant, Mt. Hawley Insurance Company ("MHI") — for a judgment declaring that MHI is obligated to defend and indemnify SME in a separate state-court action ("State Action") (Compl.); and MHI removing this action from state court to this Court ("Federal Action") under 28 U.S.C. § 1332 (Rmv. Not., at 2); and

**SME** now (1) having brought a third-party claim in the State Action against MHI for a judgment declaring that MHI is obligated to defend and indemnify SME, and thus seeking therein the same relief it seeks in the Federal Action, and (2) moving to dismiss the complaint without prejudice in the Federal Action; and SME having brought the third-party claim against MHI in the State Action at the suggestion of the Court in an order, dated February 3, 2006 ("February 2006 Order"), (1) denying SME's previous motion to remand, and (2) discussing <u>Brillhart</u> abstention (2-3-06 Ord., at 3 n.1); and

**MHI** (1) opposing the motion, as well as arguing that its counterclaim for a judgment that it need not defend and indemnify SME in the State Action should remain here even if the Court abstains as to SME's claims, and (2) cross-moving for an award of attorney fees; and the Court deciding the motion and cross motion without oral hearing and on the papers, see Fed.R.Civ.P. 78; and

**THE COURT** determining that the complaint and the counterclaim should be dismissed pursuant to Brillhart abstention, see Wilton v. Seven Falls Co., 515 U.S. 277, 280-90 (1995) (upholding Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942), and affirming abstention where insurer brought declaratory-judgment action in federal court against insured, and insured brought action against insurer in state court); State Auto Ins. Cos. v. Summy, 234 F.3d 131, 135-36 (3d Cir. 2001) (reversing district court order declining to abstain where insurer brought declaratory-judgment action in federal court, and insured brought action against insurer in state court); Franklin Commons E. P'ship v. Abex Corp., 997 F.Supp. 585, 588-93 (D.N.J. 1998) (abstaining in federal action); and thus the Court intending to grant the motion; and

**IT APPEARING** that a determination whether to grant an award of attorney fees is generally within the Court's discretion, Rapp v. City of Easton, 77 Fed.Appx. 88, 91 (3d Cir. 2003); and the Court intending to deny the cross motion because an award of

attorney fees to MHI is not justified, as (1) MHI — not SME — chose to remove the action to this Court, and (2) SME has acted in accordance with the February 2006 Order; and for good cause appearing, the Court will issue an appropriate order and judgment.[1]


                                    s/ Mary L. Cooper
                               **MARY L. COOPER**
                               United States District Judge


---

        [1] MHI argues that the Court must analyze — pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(2) — whether the complaint and counterclaim should be dismissed.  (MHI Br., at 3-4.)  However, whether the Court should dismiss a complaint and counterclaim addressing the same declaratory relief that is at issue in a state-court action is more-properly analyzed pursuant to the concept of <u>Brillhart</u> abstention.  <u>See</u> <u>Bader v. Elecs. For Imaging</u>, 195 F.R.D. 659, 663-64 (N.D. Cal. 2000) (focusing analysis of motion by plaintiff seeking to withdraw federal action and proceed in state court on <u>Brillhart</u>, not Rule 41(a)(2)).